**Santiago ALVARADO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74451.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Alberto R. Gonzales, Attorney General, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Organized Crime and Racketeering Section U.S. DOJ/Criminal Division, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM **

Santiago Alvarado, a native and citizen of Guatemala, petitions for review of a summary order of the Board of Immigration Appeals upholding an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

■ We lack jurisdiction to consider Alvarado's challenge to the denial of CAT relief because he failed to exhaust it below. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We have jurisdiction pursuant to 8 U.S.C. § 1252 over Alvarado's remaining claims. Reviewing for substantial evidence, *Lim v. INS,* 224 F.3d 929, 933 (9th Cir.2000), we deny the petition for review.

■ Substantial evidence supports the IJ's finding that Alvarado failed to show past persecution or a well-founded fear of future persecution. The IJ's past persecution finding is supported because the three indirect threats Alvarado received from guerrillas did not rise to the level of past persecution. *See id.* at 936. Additionally, Alvarado has failed to show that he has a well-founded fear of future persecution because the record indicates that individuals at risk of harm are human rights workers and other individuals facilitating the implementation of the Peace Accords. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 996 (9th Cir.2003).

■ Because Alvarado failed to establish that he was eligible for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Cruz–Navar-ro v. INS,* 232 F.3d 1024, 1031 (9th Cir. 2000).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

